UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YAROSLAV CHUB, et al.,

Plaintiff(s),

v.

HOME DEPOT USA INC.,

Defendant(s).

CASE NO. C25-5192-KKE

ORDER GRANTING MOTION FOR
APPROVAL OF MINORS' SETTLEMENT

In this action, Plaintiffs Yaroslav Chub, Tatiana Chub, and their four minor children sue Home Depot USA Inc. ("Home Depot") for negligence and loss of consortium in connection with injuries Yaroslav suffered after a stack of corrugated metal roofing allegedly fell on him in a Home Depot store.[1]  *See* Dkt. No. 1-1.  Plaintiffs now seek approval pursuant to Local Civil Rule 17 and Federal Rule of Civil Procedure 17(c) of a proposed settlement of all claims brought on behalf of Yaroslav and Tatiana's children, referred to herein as V.C. 1, K.C., A.C., and V.C. 2.  Dkt. No. 24.

"District Courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors."  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  Under Local Civil Rule 17, the Court must typically appoint "an independent guardian ad litem" to investigate and make a recommendation on the propriety of any settlement

---

[1] The Court refers to Yaroslav and Tatiana Chub by their first names because they share the same last name.  No disrespect is intended.

ORDER GRANTING MOTION FOR APPROVAL OF MINORS' SETTLEMENT - 1

involving a minor unless "a general guardian has been previously appointed for such minor … or the court affirmatively finds that the minor or incompetent is represented by independent counsel." Likewise, Federal Rule of Civil Procedure 17(c) requires appointment of a guardian ad litem when a minor is "unrepresented in an action" (Fed. R. Civ. P. 17(c)(2)), but "permits a 'general guardian,' like a custodial parent, to prosecute a case on behalf of the parent's own minor child." *Trujillo v. Ametek, Inc.*, No. 315CV01394GPCAGS, 2021 WL 406225, at *1 (S.D. Cal. Feb. 5, 2021).

Observing that Tatiana "is the parent and natural guardian of the minor Plaintiffs" and is "pursu[ing] this action in her children's interest[,]" the Court previously granted Plaintiffs' motion to waive appointment of a guardian ad litem. Dkt. No. 16. Accordingly, the Court finds that Local Civil Rule 17 does not mandate appointment of a guardian ad litem for settlement purposes because V.C. 1, K.C., A.C., and V.C. 2 are already represented by a general guardian.

In all cases involving a proposed settlement of a minor's claims, the Court's "special duty" requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). This is so "even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).

The Court has independently reviewed the terms of the proposed settlement and concludes that the net amount agreed to be distributed to each minor is "fair and reasonable" and serves the best interests of V.C. 1, K.C., A.C., and V.C. 2. *Robidoux*, 638 F.3d at 1181. Their claims for loss of consortium seek to recover damages for their inability to participate in activities with their father, such as "playing sports, playing on the floor, and taking walks or hiking[,]" as a result of his injuries. Dkt. No. 29 ¶ 3. Under the terms of the settlement, each minor Plaintiff will receive $5,000, 28% of which will be paid to Plaintiffs' counsel for attorney's fees, resulting in a net

recovery of $3,600 to each child. Dkt. No. 24 at 2–3. Tatiana filed a declaration stating that, in her view, the settlement is in her children's best interests given the nature of their loss of consortium, the risks of going to trial, the uncertainty of recovery, and the work performed by Plaintiff's counsel. Dkt. No. 29. Plaintiffs' counsel also filed a declaration recommending approval of the settlement based on similar factors as well as his view that, in his experience, loss of consortium claims by children of injured parents are difficult to value and "tend to be modest" when awarded by juries. Dkt. No. 26 at 2. The Court agrees that, given the derivative nature of the minor Plaintiffs' claims, the uncertainty of recovery at trial, and the difficulty of valuing the lost opportunities to engage in activities with their father, the proposed settlement is fair and reasonable.

Accordingly, the Court GRANTS Plaintiffs' Motion for Approval of Minors' Settlement. Dkt. No. 24.

Dated this 26th day of January, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION FOR APPROVAL OF MINORS' SETTLEMENT - 3